IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAVIS-LYNCH, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:07-CV-559 |
| | § | |
| WEATHERFORD INT'L, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Weatherford International's ("Weatherford") Motion to Strike, or Alternatively to Limit, Plaintiff's Patent Infringement Contentions, (Doc. No. 50), and Plaintiff Davis-Lynch, Inc.'s ("Davis-Lynch") Motion for Leave to Supplement Its Patent Infringement Contentions ("PICs"), (Doc. No. 69). A hearing was held on these motions on Wednesday, January 7, 2009.

For the reasons stated below, the Court **DENIES** Defendant's Motion to Strike, (Doc. No 50), and **GRANTS in part and DENIES in part** Plaintiff's Motion for leave to Supplement its PICs, (Doc. No. 69). The Court **GRANTS** Plaintiff's Motion to the extent that Plaintiff seeks to include more specificity, but **DENIES** Plaintiff's Motion to include additional products in its PICs.

The Court **ORDERS** Davis-Lynch to serve amended infringement contentions on Weatherford by **February 9, 2009 at 5:00 p.m.** in a manner consistent with this opinion and Local Patent Rule 3-1. These infringement contentions must be limited to the three products already accused in this case, product numbers L42A, L45AP, and L46AP. The Court expects the parties to communicate openly to resolve any additional disputes surrounding Davis-Lynch's PICs.

**BACKGROUND**

In February 2004, Davis-Lynch filed a complaint against Weatherford alleging infringement of one or more claims of U.S. Patent 6,679,336 ("the '336 patent). During the 2004 litigation and

pursuant to Local Patent Rule 3-1, Davis-Lynch served Weatherford with patent infringement contentions ("PICs") asserting infringement against Weatherford product numbers L42A, L45AP, and L46AP. Davis-Lynch did not assert infringement against any of Weatherford's additional forty eight product lines. Pursuant to Local Patent Rule 3-4, Weatherford produced technical drawings for thirty-six of its product lines. During September and October of 2004, Weatherford sent several letters to Davis-Lynch complaining of deficiencies in the PICs, but Davis-Lynch never attempted to amend its PICs. In December 2004, Davis-Lynch filed a request for reexamination of the '336 patent with the U.S. Patent and Trademark Office, and the Court dismissed the litigation without prejudice on February 14, 2005.

Upon completion of the reexamination proceedings, Davis-Lynch filed the present action on December 18, 2007. Davis-Lynch has asserted a subset of the same claims of the '336 patent against the same products at issue in the 2004 litigation. This Court entered a Docket Control Order ("DCO") requiring Davis-Lynch to serve Weatherford with PICs by February 15, 2008, and setting a *Markman* hearing for March 19, 2009 and a trial date of January 11, 2010. Davis-Lynch essentially served the same PICs from the 2004 litigation. In April 2008, Weatherford produced technical drawings for the remaining fifteen product lines which had not been given to Davis-Lynch during the 2004 litigation,[1] and a sales summary containing information about every sale of relevant Weatherford products on April 29, 2008. During June and July of 2008, the parties' counsel discussed the possibility of Davis-Lynch amending its PICs, but Davis-Lynch took no action.

On November 13, 2008, Davis-Lynch took its first deposition of a Weatherford employee

---

[1] Weatherford claims that it has fifty-one Large-Bore and Mid-Bore Auto-Fill Float Collar product lines. Davis-Lynch seeks to accuse fifty-five Weatherford products. The parties have not adequately explained this apparent discrepancy.

with knowledge of Weatherford's products, Michael LoGiudice. On November 14, 2008, Weatherford filed a Motion to Strike, or Alternatively to Limit, Plaintiff's Patent Infringement Contentions to the three products accused in its current PICs. (Doc. No. 50.) Davis-Lynch responded to Weatherford's Motion and, on December 11, 2008, filed a Motion for Leave to Supplement Its Patent Infringement Contentions to include additional products. (Doc. No. 69).

Weatherford contends that Davis-Lynch's current PICs lack the specificity required by Local Patent Rule 3-1. It further contends that Davis-Lynch should not be allowed to include additional products in its PICs because Davis-Lynch has failed to show good cause to amend its PICs. Weatherford maintains that Davis-Lynch had access to detailed technical drawings of all fifty-one of Weatherford's relevant product lines at least since April 2008, but failed to assert infringement against any additional products until Decemeber 11, 2008. Davis-Lynch contends that it was unable to amend its PICs until after it deposed Mr. LoGuidice, due to discrepancies in the documents produced by Weatherford. It claims that its current PICs are sufficient, but seeks leave to amend its PICs to assuage Weatherford's concerns about specificity. It also seeks leave to accuse an additional fifty-two products in its PICs ("the additional products"). It has attached proposed amended PICs to its Motion. (Doc. No. 69-1.)

## APPLICABLE LAW

"The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary[2] infringement contentions before discovery has even begun." *American Video Graphics, L.P. v. Electronic Arts, Inc.,* 359 F.Supp.2d

---

[2]The Eastern District no longer uses the term "preliminary" to describe the infringement contentions required under Local Patent Rule 3-1. *See* E.D. Tex. Gen. Order 06-15 at 27-28 (Oct. 27, 2006).

558, 560 (E.D. Tex. 2005). "[W]hen parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman,* summary judgment, trial, and beyond." *Connectel, LLC v. Cisco Sys., Inc.,* 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005).

Local Patent Rule 3-1 requires a party to provide PICs setting forth "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F.Supp.2d 754, 755 (E.D. Tex. 2004). A Party may not rely on vague, conclusory language or simply mimic the language of the claims. *Id.* Specifically, Rule 3-1(b) requires a party to identify each accused product by name and model number, if known. Rule 3-1(c) requires "[a] chart identifying *specifically* where *each* element of each asserted claim is found within *each* Accused Instrumentality." (emphasis added.) Rule 3-1(d) requires a party to specify "[w]hether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." Rule 3-1(f) states that if a party wishes to assert that any of its own products practice the claimed invention, for any purpose, the party must identify those products.

A party may amend its PICs upon a showing of good cause. Fed. R. Civ. P. 16(b); *Garmin, Ltd. v. TomTom, Inc.*, No. 2:06-cv-338, 2007 WL 2903843 at *6 (E.D. Tex. Oct. 3, 2007). The tests for determining whether to allow a party to supplement infringement contentions and for determining whether to strike infringement contentions are essentially the same. A court must consider the following factors: (1) the reason for the delay and whether the party has been diligent; (2) the

importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings. *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *Garmin*, 2007 WL 2903843 at *6.

**ANALYSIS**

There are two issues before the Court: whether Davis-Lynch should be allowed to amend its PICs to include the additional products, and whether Davis-Lynch's current PICs are adequate.

**I.     Whether Davis-Lynch May Amend Its PICs to Include Additional Products**

With regard to the first issue, the Court finds that Davis-Lynch has failed to demonstrate good cause to amend its PICs to include the additional products. Weatherford has explained that it turned over detailed technical drawings of other relevant products in October of 2004 and in April of 2008 pursuant to Local Patent Rule 3-4(a). It contends that these drawings, and other publicly available information, should have allowed Davis-Lynch to complete its PICs for all products by the deadline listed in the DCO or certainly well before December 11, 2008. Davis-Lynch offers a number of reasons as to why it failed seek leave to include the additional products in its PICs, but none of these reasons stand up to scrutiny.

*Reason for Delay*

Davis-Lynch asserts that it needed to confirm which Weatherford products had been offered for sale and whether the technical drawings disclosed by Weatherford were accurate before amending its PICs. It argues that Weatherford did not "marry itself to," *i.e.* commit to the accuracy of, its technical drawings until it filed its Motion to Strike. The Court notes that, Davis-Lynch never raised

5

these concerns with the Court or with Weatherford until after Weatherford filed its Motion to Strike. (Doc. No. 75 at p. 7.) Absent some additional evidence not presented to the Court, Davis-Lynch's purported concerns were patently unreasonable. Weatherford produced the technical drawings pursuant to Local Patent Rule 3-4(a) along with a sales summary providing information about every sale of potential accused instrumentalities on April 29, 2008. Production of documents pursuant to this rule constitutes a representation that the drawings are "sufficient to show the operation of any aspects or elements of an Accused Instrumentality." Contrary to Davis-Lynch's arguments, there is no requirement that a party separately "marry itself to" its Rule 3-4 disclosures. Based on these documents, Davis-Lynch could have identified which products to accuse, and how many of those products had been sold.

Davis-Lynch claims that, at a deposition taken in November, Weatherford employee, Michael LoGiudice, opined that one of the technical drawings disclosed by Weatherford was inaccurate.[3] Davis-Lynch offers no reasonable explanation as to why it doubted the accuracy of Weatherford's drawings prior to the deposition of Mr. Logiudice, which was taken nine months after the deadline to submit its PICs. Even if Weatherford did violate Rule 3-4 by serving an inaccurate technical drawing, this fact should have been the subject of an appropriate motion with the Court, not an excuse to delay accusing fifty two products for well over six months.

Davis-Lynch also asserts that it was unable to complete its PICs because it could not adequately inspect one of Weatherford's products. The fact that Davis-Lynch has now filed a Motion to Supplement its PICs without inspecting that product belies this assertion. Furthermore, Davis-

---

[3] Weatherford asserts that this drawing was not one of the technical drawings that it produced pursuant to Local Patent Rule 3-4.

Lynch has only sought to inspect one product, a product already accused in its current PICs. As above, to the extent that Davis-Lynch has been hindered by a lack of discovery, it has failed to diligently raise these issues with the Court. Accordingly, Davis-Lynch has offered no reasonable explanation for its delay in seeking leave to amend its PICs. This factor weighs heavily against allowing Davis-Lynch to supplement its PICs with the additional products..

*Importance of Infringement Contentions and the Availability of Lesser Sanctions*

Davis-Lynch contends that the fifty two additional products are important because they make up seventy-five percent of Weatherford's sales. Nonetheless, the requirement to timely provide a claim chart for each accused product is "crystal clear." *Computer Acceleration Corp.*, 503 F. Supp. 2d at 822. Allowing Davis-Lynch to amend its PICs to include additional products at this stage in the litigation would "deter neither game-playing nor actual violation of the rules—to the contrary it would actually discourage the voluntary exchange of information." *Id.*; *O2 Micro, Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). After all, the relative importance of including these products in its PICs should have generated a commensurate amount of diligence. Moreover, exclusion of these additional products will not result in dismissal of Davis-Lynch's case in its entirety. *See Computer Acceleration Corp.*, 503 F. Supp.2d at 825 (excluding products from a case is not the same as granting a default judgment against a Plaintiff). This case will still proceed against the three products Davis-Lynch has accused in its current PICs.

While precluding these products from being asserted in this case may prejudice Davis-Lynch to some degree, the prejudice is not so great as to weigh significantly against Davis-Lynch's lack of

diligence.[4] Accordingly, this factor does not weigh in favor of allowing Davis-Lynch to supplement its PICs with the additional products.

*Danger of Unfair Prejudice*

This case is set for a *Markman* hearing March 19, and dispositive motions are due by July 20, 2009. If Davis-Lynch were allowed to introduce fifty two new accused products into this case, the burden on Weatherford would be significant. There is some dispute as to the extent to which the additional products differ from the three products currently accused. Nonetheless, Weatherford has asserted that it would have very little time to identify terms for claim construction, to conduct a prior art search, and to properly formulate its defenses including inequitable conduct. In addition, the parties could be burdened with additional written discovery, document production requests, and additional work from the parties' technical experts. At the hearing, Davis-Lynch argued that only one witness might need to be deposed again. Although re-taking one deposition would not be overwhelmingly burdensome for Weatherford, it would still be prejudicial—especially in light of the looming deadlines in this case. This factor weighs against allowing Davis-Lynch to supplement its PICs with the additional products.

*The Availability of a Continuance*

This case is set for a *Markman* hearing in March, and trial in January 2010. The Court's docket does not permit a continuance of these deadlines to consider infringement contentions that

---

[4]Davis-Lynch argues that if it is not allowed to amend its PICs to include the additional products, then it will be forced to file a separate lawsuit. Weatherford argues that any subsequent lawsuit would be barred by claim preclusion principles. *See Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1379 (Fed. Cir. 2008). Whether or not claim preclusion would apply is not properly before this Court. The question in this case is whether Davis-Lynch can show good cause to include the additional products in its PICs.

should have been filed almost a year ago.

Although the prejudice to Weatherford may not be substantial, Davis-Lynch has no reasonable explanation for its lack of diligence. After consideration of all the relevant factors, the Court finds that Davis-Lynch has failed to demonstrate good cause to amend its PICs to include the additional products.

## II. Whether Davis-Lynch's Current PICs Are Adequate

The Court finds that Davis-Lynch's current PICs have some deficiencies. However, the Court finds that striking these PICs in their entirety would be inappropriate. The parties both argue that striking Davis-Lynch's current PICs, without allowing them to amend, would constitute a death penalty sanction. The Court agrees that if it were to strike Davis-Lynch's PICs, it would be forced to dismiss the case for failure to comply with the DCO. The Court finds this result to be unnecessarily harsh. Accordingly, the Court will order Davis-Lynch to amend its PICs to comply with the local patent rules.

Davis-Lynch has failed to comply with Rule 3-1(b), which requires a party to identify each accused product by model number if known. Davis-Lynch's PICs do identify three products by model number, but they also state that "one or more of Defendant's Large Bore Auto-Fill Float Collar products," are infringing. A party may not blindly accuse every product a defendant produces and expect to narrow its claims at its own convenience. *See American Video Graphics, L.P.*, 359 F. Supp.2d at 560. As explained above, Davis-Lynch offers no justification as to why it failed to identify Weatherford's accused products by model number in February 2008, or at least by May or June of 2008. Davis-Lynch's proposed supplemental PICs still contain language implying that even

9

more unidentified products are infringing. As agreed at the hearing, this language must be removed.

Weatherford also argues that Davis-Lynch's PICs are ambiguous because they accuse products "without and/or including a filter shoe, cemented or composite guide shoe." At the hearing, Davis-Lynch adequately explained that this language means that it has accused products regardless of whether a filter shoe or guide shoe has been attached to them.

Davis-Lynch has also failed to comply with Rule 3-1(c), which requires "[a] chart identifying *specifically* where *each* element of each asserted claim is found within *each* Accused Instrumentality." (emphasis added.) Davis-Lynch's current PICs do include a chart for each product accused by model number, but those charts do little more than parrot the claim language. This defect could have been ameliorated by the fact that Davis-Lynch attached diagrams of each of the accused products with certain claim elements identified by number. However, these diagrams are largely illegible and the claim elements are ambiguously identified. The claim chart in Davis-Lynch's proposed amended PICs offers more detail, but Davis-Lynch only submits one claim chart for fifty-five different products. Once again, Davis-Lynch has attached, now legible, diagrams of each of the accused products, but it has labeled only a handful of claim elements relating to only one product.

The Court orders Davis-Lynch to include a separate claim chart for each of the three accused products. If Davis-Lynch wishes to include drawings of the products, they must be legible and each claim element must be clearly and unambiguously identified in the drawings. At the hearing, Weatherford argued that certain claim elements in Davis-Lynch's proposed amended claim chart are insufficiently described, *e.g.*, elements 43d and 33f. At the hearing, Davis-Lynch agreed to provide additional citations to the LoGiudice deposition which could resolve these disputes. The Court orders

Davis-Lynch to do so.

With regard to claim element 43d, Weatherford argued that Davis-Lynch's PICs do not adequately explain how the flapper elements in Weatherford's products "close in response to a direction of fluid flow" as required by the '336 patent. The Court finds that this argument relates to a theory of non-infringement, not the adequacy of Davis-Lynch's PICs.

Further, Davis-Lynch has failed to comply with Rule 3-1(d), which requires a party to specify "[w]hether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." Both Davis-Lynch's current PICs and its proposed amended PICs state that there is both literal infringement and infringement through the doctrine of equivalents. At the hearing, Davis-Lynch indicated that it believes Weatherford's products literally infringe. It must clarify its position on this issue.

Finally, Davis-Lynch has failed to comply with Rule 3-1(f), which states that if the party wishes to assert that any of its own products practice the claimed invention, for any purpose, the party must identify those products. Both Davis-Lynch's current PICs and proposed amended PICs essentially ignore this rule. At the hearing, Davis-Lynch agreed to list any of its products which it intends to assert practice the invention.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Strike, (Doc. No 50), and **GRANTS in part and DENIES in part** Plaintiff's Motion for leave to Supplement its PICs, (Doc. No. 69). The Court **GRANTS** Plaintiff's Motion to the extent that Plaintiff seeks to include more specificity, but **DENIES** Plaintiff's Motion to include additional products in its PICs.

The Court **ORDERS** Davis-Lynch to serve amended infringement contentions on Davis-Lynch by **February 9, 2009 at 5:00 p.m.** in a manner consistent with this opinion and Local Patent Rule 3-1. These infringement contentions must be limited to the three products already accused in this case, product numbers L42A, L45AP, and L46AP. The Court expects the parties to communicate openly to resolve any additional disputes regarding Davis-Lynch's PICs.

**So ORDERED and SIGNED this 12th day of January, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE