IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **DAVIS-LYNCH, INC.** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 6:07-CV-559** |
| | § | |
| **WEATHERFORD INT'L, INC.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Davis-Lynch, Inc.'s ("Davis-Lynch") Motion for Reconsideration or, Alternatively, Second Motion for Leave to Supplement Its Patent Infringement Contentions ("PICs"), (Doc. No. 85) and Reply in support (Doc. No. 96), and Defendant Weatherford International's ("Weatherford") Response, (Doc. No. 89). On January 12, 2009, the Court granted in part and denied in part Plaintiff's Motion for Leave to Supplement its PICs (the "prior order"). (Doc. No. 69.) The Court granted Plaintiff's Motion to the extent that Plaintiff sought to include more specificity, but denied Plaintiff's Motion to accuse additional products in its PICs. Davis Lynch now seeks reconsideration of this Court's Order denying its motion for leave to accuse additional products in its PICs.

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997). However, the court has authority to consider such motions using the guidelines of Rule 59(e). *Hamilton v. Williams*, 147 F.3d 367, 379 n. 10 (5th Cir.1998); *Texas Instruments, Inc. v. Hyundai Elec. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir.2005). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim v. pcOrder.com, Inc.*, 212 F.R.D.

329, 332 (W.D. Tex. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004). District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

In its briefing, Davis-Lynch merely restates the arguments already considered by this court. Although it presents some new facts and cites some additional cases, these facts and cases could have been presented before the Court issued its prior order. Davis-Lynch, therefore, presents the Court with no occasion to reconsider its order. Nonetheless, the Court will briefly address Davis-Lynch's arguments.

The present dispute was first brought before the Court when Weatherford filed a Motion to Strike Davis-Lynch's PICs in their entirety. One month after Weatherford filed its Motion and ten months after the deadline for Davis-Lynch to serve its PICs, Davis-Lynch filed a Motion to Amend its PICs to include fifty-two additional products. Prior to filing its Motion to Amend, Davis-Lynch never petitioned the Court for additional discovery on the fifty-two additional products. In fact, Davis-Lynch had all the information it needed to accuse these products for at least six months before filing its Motion to Amend. The Court denied Weatherford's Motion to Strike Davis-Lynch's PICs, instead ordering Davis-Lynch to amend its PICs to clarify its infringement theories. The Court also denied Davis-Lynch's Motion to Amend its PICs to include the additional products.

In its Motion for Reconsideration, Davis-Lynch contends that, although it only accused three of Weatherford's product lines in its PICs, both parties knew the case involved all 55 lines of Weatherford's large bore and mid bore auto-fill float equipment. This contention is in direct conflict

with the local patent rules in general, which are designed to prevent parties from asserting vague claims and shifting positions, and Local Patent Rule Rule 3-1(b) in particular, which is designed to allow both parties to prepare their respective (non-)infringement theories. Rule 3-1(b) requires a party to identify each accused product by name and model number, if known. Under this Rule, amorphous knowledge of potentially infringing products is no substitute for actually listing accused products in a party's PICs. Contrary to Davis-Lynch's assertions, Weatherford need not assume that fifty two additional products are at issue in the case even though Davis-Lynch had only accused three products in its PICs. To the extent that both parties were aware that Davis-Lynch intended to accuse the additional products, Davis-Lynch has no excuse for not amending its PICs.

Davis-Lynch also argues that, because Weatherford disclosed information on all 55 products, it would not be prejudiced if Davis-Lynch included the additional products in its PICs. However, since Weatherford disclosed information related to all 55 products, and Davis-Lynch thereafter failed to accuse the additional products, it is hard to see how Weatherford would not be prejudiced if Davis-Lynch now included those products in its PICs.

Finally, Davis-Lynch argues that, because all 55 products infringe in the same way, the three products it accused are representative examples of Weatherford's 55 products. Weatherford disputes Davis-Lynch's claim that one infringement theory is sufficient for all 55 products. Nonetheless, citing case law referring to "exemplar products," Davis-Lynch argues that the Patent rules only require it to include examples of accused products in its PICs. *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. Oct. 12, 2005); *Linex Techs. v. Belkin International, Inc.*, No. 2:07-cv-222, 2008 WL 4372708 (E.D. Tex. September 19,2008).

None of the opinions cited by Davis-Lynch, nor the patent rules themselves, support Davis-

Lynch's position. Exemplar products may be used to limit the number of claim charts and streamline trial, but the patentee must still list all accused products in its PICs. *See Connectel, LLC*, 391 F. Supp. 2d at 527-28 (ordering plaintiff to designate exemplar products where Plaintiff's PICs had already accused over 100 products). As a practical matter, this use of exemplar products is generally only effective when all parties can agree on the exemplar products. *Linex Techs.*, 2008 WL 4372708 at *6 n. 8 (acknowledging that Plaintiff's PICs, which already accused numerous products, may be organized around exemplar products, but only if all parties agree).

Related to this notion is the idea that a patentee may seek discovery of non-accused products. If a patentee accuses all known potentially infringing products in its PICs, it may be entitled to discovery related to additional non-accused products under limited circumstances. *See Honeywell Int'l Inc. v. Acer America Corp.,* No. 6:07-CV-125, 2009 WL 274829 at *5 (E.D. Tex. Feb. 5, 2009) (allowing discovery related to non-accused products after Plaintiff showed that the information sought was not publicly available and necessary to determine whether to accuse additional products). Nonetheless, the possibility of discovery related to non-accused products does not excuse a patentee from the requirements of Local Patent Rule 3-1.

Davis-Lynch only accused three Weatherford products even though it was aware of other potentially infringing products. It has not shown that the parties agreed that the three accused products were representative of any other Weatherford products. As explained in this Court's prior order, Davis-Lynch had all the information it needed to amend its PICs to include the additional products for at least six months before it filed its Motion for Leave to Amend its PICs. Accordingly, Davis-Lynch's Motion for Reconsideration is **DENIED**.

**So ORDERED and SIGNED this 20th day of February, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE