**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **DAVIS-LYNCH, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL CASE NO. 6:07-CV-559-JDL** |
| **vs.** | § | |
| | § | |
| **WEATHERFORD INT'L, INC.** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF DAVIS-LYNCH, INC.'S SUR-REPLY TO
DEFENDANT'S REPLY REGARDING DEFENDANT'S
MOTION FOR LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS**

Plaintiff Davis-Lynch, Inc. ("Davis-Lynch") files this Sur-Reply to Defendant Weatherford Int'l, Inc.'s ("Weatherford") reply to Davis-Lynch's opposition to Weatherford's motion for leave to supplement its patent invalidity contentions [Doc.123] and would respectfully show this Court as follows:

1. The facts here are clear. Weatherford wants to supplement its invalidity contentions to include additional, alleged prior art against U.S. Patent No. 6,679,336 ("the '336 patent"). This alleged prior art is related to liner hangers and springs. Both liner hangers and springs are specifically discussed in the '336 patent.

2. Here are examples of how liner hangers are discussed in the '336 patent:

> The pressure responsive equipment could be any hydraulically operated equipment such as, for instance, ***hydraulically operated liner hanging equipment***.[1]
>
> Thus, the present invention may permit setting ***hydraulically activated liner hanger equipment*** without the need for additional landing collars or setting balls. Once ball 23 is dropped, then the ***hydraulically activated liner equipment*** can be operated at a pressure lower than the conversion pressure.

---

[1]     Ex.1 to Davis-Lynch's Opposition [Doc.130] at 4:49-52 (emphasis added).

> After the **liner equipment** is operated, then conversion of conversion tool 14 can be effected…[2]

> Conversion pressure can be adjusted to allow for setting **hydraulic type liner hangers**, prior to converting the shoe/collar at higher pressures.[3]

The following are examples of how springs are disclosed in the '336 patent:

> Preferably, valves 31 are biased to the closing position with biasing elements such as with **springs**, elastomerics, and the like.[4]

> Preferably, check valves 31 are **spring loaded or biased** to the closed position.[5]

In its opposition, Davis-Lynch provided this Court with other examples showing that Weatherford has had knowledge of liner hangers and springs being disclosed in the '336 patent for years including (1) Weatherford's *Markman* briefing which specifically quoted and relied upon the excerpts just above; (2) Weatherford's participation in the reexamination of the '336 patent; (3) Weatherford's examination of Jerry Allamon in this case; (4) the depositions of Michael LoGiudice and Jeff Ehlinger in this case; and (5) Weatherford's comments before this Court on January 7, 2009.[6]

3. It is disingenuous, and contrary to the extensive evidence above, for Weatherford to argue that it had no idea that liner hangers and springs were disclosed in the '336 patent until Davis-Lynch served its supplemental infringement contentions in February.

4. Weatherford is asserting invalidity of the '336 patent. Davis-Lynch is asserting infringement of the '336 patent, and there is no support for the argument by Weatherford that

---

[2]   Ex.1 to Davis-Lynch's Opposition [Doc.130] at 9:46-52 (emphasis added).
[3]   Ex.1 to Davis-Lynch's Opposition [Doc.130] at 6:22-24 (emphasis added).
[4]   Ex.1 to Davis-Lynch's Opposition [Doc.130] at 9:15-17 (emphasis added).
[5]   Ex.1 to Davis-Lynch's Opposition [Doc.130] at 9:26-27 (emphasis added).
[6]   *See generally* Davis-Lynch's Opposition [Doc.130].   Davis-Lynch incorporates its Opposition to Weatherford's Motion for Leave to Supplement its Invalidity Contentions as if fully re-stated herein.

Weatherford cannot make invalidity arguments without the benefit of Davis-Lynch's infringement contentions.

5.   For example, Weatherford argues that it has invalidity allegations related to 35 U.S.C. § 112, ¶ 1 (enablement and written description).   The Federal Circuit has made the following statements on these issues:

> "It is ***the specification***, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement."   Although the knowledge of one skilled in the art is indeed relevant, the novel aspect of an invention must be enabled in the patent.[7]

Thus, for enablement, the specification of the patent must be the focus.   The specification is where the references to liner hanger and springs are disclosed in the '336 patent as shown above.

6.   Another example comes from the *LizardTech* case.[8]   In *LizardTech*, the Federal Circuit stated that the enablement and written description requirements "usually rise and fall together."[9] In conducting its analysis of the sufficiency of the written description, the Federal Circuit analyzed ***the specification*** of the patent at issue in that case.[10]   Thus, for an analysis of the sufficiency of the written description, the specification of the patent must be the focus.

7.   Neither *BMW* nor *LizardTech* included an analysis of the plaintiffs' infringement contentions in evaluating the written description or enablement arguments made by defendant.[11]

---

[7]     *Automotive Techs. Int'l, Inc. v. BMW of North America, Inc.*, 501 F.3d 1274, 1283 (Fed. Cir. 2007) (citing *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1366 (Fed. Cir. 1997)) (emphasis added).

[8]     *LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336 (Fed. Cir. 2005).

[9]     *Id.* at 1345.

[10]     *See id.* at 1345-46.

[11]     *See generally, Automotive Techs. Int'l, Inc. v. BMW of North America, Inc.*, 501 F.3d 1274 (Fed. Cir. 2007); *see also LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336 (Fed. Cir. 2005). Weatherford's reliance on *Coopervision, Inc. v. Ciba Vision Corp.* is *inapt.   Coopervision, Inc. v. Ciba Vision Corp.*, 480 F.Supp.2d 884 (E.D.Tex. 2007).   *Coopervision* involved a situation where the plaintiff was shown to be diligent in seeking leave to amend its infringement contentions when it had only had the necessary materials for one month.   *See id.* at 888-89.   Here, Weatherford has had the necessary materials for years.

8.   Defendant has known about liner hangers and springs being disclosed in the '336 patent since 2004.   The evidence above shows a clear lack of diligence by Weatherford in seeking to supplement its invalidity contentions.   Further, there is extreme prejudice to Davis-Lynch is Weatherford is permitted to add new pieces of alleged prior art to its invalidity contentions.

9.   Expert reports are due in nearly one month's time.   The discovery deadline in this case is in June 2009.   It is prejudicial to allow Weatherford to supplement its invalidity contentions now after years of litigation and a two-year reexamination of the '336 patent.

10. Weatherford makes no attempt in its reply brief to argue against this Court's previous determination that a continuance is not available.   Further, the lack of diligence above indicates that the material Weatherford now seeks to add to its invalidity contentions is not important.

11. Diligence, prejudice, availability of a continuance, and the importance of the materials to be added – these are the factors to consider in determining whether to allow Weatherford to supplement its invalidity contentions.[12]   The evidence shows that Weatherford was not diligent, that extreme prejudice would result for Davis-Lynch, that, by this Court's previous ruling, a continuance is not available, and that the materials are not important as shown by Weatherford's delay in seeking to add them.   Therefore, Weatherford's motion for leave to supplements its invalidity contentions should be denied.

---

[12]       *See MacLean-Fogg Co. v. Eaton Corp.*, 2008 WL 4601476, at *1 (E.D. Tex. Oct. 6, 2008).

Respectfully submitted,


/s/ Eric M. Adams
Ernest W. Boyd
State Bar No. 00783694
Attorney-in-Charge
MehaffyWeber, P.C.
One Allen Center
500 Dallas Street, Suite 1200
Houston, Texas 77002
Telephone: (713) 655-1200
Facsimile: (713) 655-0222
butchboyd@mehaffyweber.com

Of Counsel:
Eric M. Adams
State Bar No. 24031686
ericadams@mehaffyweber.com
Corey J. Seel
State Bar No. 24037465
coreyseel@mehaffyweber.com
MehaffyWeber, P.C.
One Allen Center
500 Dallas Street, Suite 1200
Houston, Texas 77002
Telephone: (713) 655-1200
Facsimile: (713) 655-0222

Local Counsel:
Andy Tindel
State Bar No. 20054500
atindel@andytindel.com
Provost Umphrey Law Firm, LLP
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

**ATTORNEYS FOR PLAINTIFF**
**DAVIS-LYNCH, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:


Stephen H. Cagle
J. Dean Lechtenberger
Joan E. Beckner
Eric Schlichter
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002-5242

S. Calvin Capshaw
Elizabeth L. DeRieux
Capshaw DeRieux, LLP
P.O. Box 3999
Longview, Texas 75606-3999

**ATTONEYS FOR DEFENDANT
WEATHERFORD INT'L, INC.**


/s/ Eric Adams
Eric Adams