## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **DAVIS-LYNCH, INC.** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 6:07-CV-559** |
| | § | |
| **WEATHERFORD INT'L, INC.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Weatherford International's ("Weatherford") Motion for Leave to Supplement its Patent Invalidity Contentions, (Doc. No. 123), and Reply in support, (Doc. No. 138), and Plaintiff Davis-Lynch, Inc.'s ("Davis-Lynch") Response in opposition, (Doc. No. 130), and Surreply, (Doc. No. 141). For the reasons stated herein, Defendant's Motion is **GRANTED**.

## BACKGROUND

In this case, Davis-Lynch accuses Weatherford of infringing U.S. Patent No. 6,679,336 ("the '336 patent"). On February 15, 2008, in compliance with local patent rules 3-1 and 3-2, Davis-Lynch served its patent infringement contentions ("PICs") in this case. During June and July of 2008, Weatherford expressed concern with Davis-Lynch's PICs and the parties' counsel discussed the possibility of Davis-Lynch amending its PICs, but Davis-Lynch took no action. On November 14, 2008, Weatherford filed a Motion to Strike, or Alternatively to Limit, Plaintiff's PICs to the three products accused in its current PICs. (Doc. No. 50.) Davis-Lynch responded to Weatherford's Motion and, on December 11, 2008, filed a Motion for Leave to Supplement Its PICs to include additional products. (Doc. No. 69). The Court held a hearing on these Motions on January 7, 2009.

On January 12, 2009, the Court granted in part and denied in part Davis-Lynch's Motion for Leave to Supplement its PICs. (Doc. No. 83.) The Court granted Davis-Lynch's Motion to the extent that Davis-Lynch sought to include more specificity, but denied Davis-Lynch's Motion to accuse

additional products in its PICs. Davis-Lynch served amended PICs on February 10, 2009. (Doc. No. 100.) In response to Davis-Lynch's amended PICs, Weatherford has filed the present Motion seeking leave to amend its invalidity contentions ("ICs"). (Doc. No. 123.) Weatherford argues that the amendments to its ICs respond to new infringement theories contained in Davis-Lynch's amended PICs. Davis-Lynch counters that Weatherford had notice of Davis-Lynch's infringement theories months or even years before it filed its amended PICs.

### APPLICABLE LAW

Local Patent Rule 3-6(b) provides that a party may amend its ICs by order of the court upon a showing of good cause. The purpose of Local Patent Rules is to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *IXYS Corp. v. Advanced Power Tech., Inc.,* 2004 WL 1368860, *3 (N.D.Cal. June 16, 2004); *see also STMicroelectronics, Inc. v. Motorola, Inc.,* 307 F.Supp.2d 845, 849 (E.D.Tex.2004). A party cannot wait until shortly before trial to prepare its case. *See Finisar v. DirecTV Group, Inc.,* 424 F.Supp.2d 896, 901 (E.D.Tex.2006). Moreover, the right to amend is subject to the court's duty to avoid unfairly prejudicing a party "through eleventh-hour alterations." *IXYS Corp.,* 2004 WL 1368860, at *1.

Nonetheless, courts in this district recognize that "it is likely that…amended [infringement contentions] will impact [a defendant's] claim construction positions and invalidity contentions." *MacLean-Fogg Co. v. Eaton Corp.,* No. 2:07-CV-472, 2008 WL 4601476, *2 (E.D. Tex. Oct. 6, 2008). This recognition is understandable because "[s]pecific [infringement] theories create a specific trajectory for the case." *Connectel, LLC v. Cisco Sys., Inc.,* 391 F. Supp. 2d 526, 527

2

(E.D. Tex. 2005). For example, Local Patent Rule 3-6(a)(1) provides a deadline so that, after the Court issues its claim construction ruling, a plaintiff may modify its PICs in response to the claim construction ruling, without seeking leave of Court. Local Patent Rule 3-6(a)(2)(B) provides a deadline so that if a plaintiff modifies its PICs pursuant to Rule 3-6(a)(1), the defendant may modify its ICs in response to the plaintiff's amended PICs, without seeking leave of Court.

When determining whether a party has shown good cause to amend its ICs, a court must consider the following factors: (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings. *Cummins-Allison Corp. v. SBM Co., Ltd.*, No. 9:07-cv-196, 2009 WL 763926 at *2 (E.D.Tex. Mar. 19, 2009).

## DISCUSSION

Weatherford seeks leave to make three types of amendments to its ICs: 1) to include additional prior art references related to liner hangers, 2) to assert written description and enablement defenses related to liner hangers, and 3) to assert written description and enablement defenses related to spring biased flapper valves. Weatherford argues that all three of these amendments are based on new disclosures made in Davis-Lynch's amended PICs. Davis-Lynch counters that Weatherford should have been aware of the importance of liner hangers and spring biased flapper valves months ago.

The Court must first determine if Weatherford has acted with diligence. *Cummins-Allison Corp.*, 2009 WL 763926 at *2. With regard to Weatherford's proposed amendments related to liner hangers, the Court finds that Weatherford has acted diligently. These amendments relate to claim 37

3

of the asserted patent:

> 37. The assembly of claim 35, further comprising:
> a fluid pressure-operated tool mountable to said tubular string for operation at a second selected fluid pressure, said second selected fluid pressure being different than said first selected fluid pressure.

Weatherford claims that it became aware of Davis-Lynch's contention that a liner hanger is the "fluid-operated tool" referred to in Claim 37 only after Davis-Lynch served its amended PICs on February 10, 2009. Davis-Lynch responds that Weatherford had notice of its infringement position prior to February 10, 2009 based on the '336 patent, which Weatherford received at least four years ago; the fact that Weatherford asked questions about liner hangers during the deposition of Jerry Allamon on October 22, 2008; and statements made by Weatherford during the hearing held in this Court on January 7, 2009.[1]

None of the items cited by Davis-Lynch indicate that Weatherford had sufficient notice of Davis-Lynch's infringement position with regard to liner hangers prior to receiving Davis-Lynch's amended PICs on February 10, 2009. Although the word "liner hanger" is mentioned in the '336 patent specification and Weatherford apparently asked questions about liner hangers during depositions, there is no indication that Weatherford was aware that Davis-Lynch intended to assert that a liner hanger satisfies the "fluid-pressure operate tool" limitation of claim 37. In fact, during the hearing held on January 7, 2009, Weatherford communicated to the Court its belief that Davis-Lynch intended to assert that wiper plugs and liner hangers satisfied the limitations of claim 37. Weatherford based this belief on Davis-Lynch's proposed amended PICs which formed the basis of

---

[1] Davis-Lynch also argues that Weatherford had notice based on the fact that Weatherford asked questions about liner hangers in during a deposition held on March 5, 2009, and Davis-Lynch's *Markman* brief, which was filed on February 9, 2009. Even if Weatherford had notice of Davis-Lynch's position on these dates, the Court would find that Weatherford acted diligently by filing its Motion on March 13, 2009.

4

the hearing. The Court subsequently determined that those proposed PICs were insufficient and ordered Davis-Lynch to amend its PICs. After Davis-Lynch did so on February 10, 2009, Davis-Lynch clearly explained that only liner hangers, not wiper plugs, satisfy the "fluid-pressure operated tool" limitation of claim 37.

The Court cannot fault Weatherford for attempting to amend its ICs in response to Davis-Lynch's amended PICs, rather than attempting to amend its ICs in response to the proposed amended PICs found to be inadequate by the Court. (Doc. No. 83.)[2] Were the Court to deny Weatherford's Motion, Weatherford would have been required to scour the '336 patent for any sort of product that could satisfy the limitations of claim 37, regardless of the fact that Davis-Lynch's PICs never addressed this issue. For example, Weatherford would have been required to prepare defenses based on the possibility that Davis-Lynch might argue that a wiper plug satisfies claim 37, even though Davis-Lynch no longer contends, and apparently never contended, that wiper plugs satisfy claim 37. As this Court previously stated:

> Under [Local Patent Rule 3-1], amorphous knowledge of potentially infringing products is no substitute for actually listing accused products in a party's PICs. Contrary to Davis-Lynch's assertions, Weatherford need not assume that fifty two additional products are at issue in the case even though Davis-Lynch had only accused three products in its PICs.

(Doc. No. 108.) Similarly, amorphous knowledge of potential infringement theories is no substitute fo actually specifying infringement theories in a party's PICs. Weatherford need not assume that any possible "fluid-pressure operated tool" will be at issue in the case. Once Davis-Lynch served its amended PICs explaining its theory as to what a "fluid-pressure operated tool" is, Weatherford was

---

[2] This is particularly true in light of the fact that Weatherford was awaiting a ruling on Davis-Lynch's Motion to amend its PICs, (Doc. No. 69), and its own Motion to strike Davis-Lynch's PICs in their entirety, (Doc. No. 50).

entitled to provide a responsive invalidity theory.

Similarly, Davis-Lynch's amended PICs state that the claim limitation requiring the flappers to close "in response to a direction of fluid flow" is met by back pressure and is assisted by a spring. Davis-Lynch's original PICs never mentioned springs. Accordingly, Weatherford is entitled to provide a responsive invalidity theory addressing the issue of spring biased flappers. Because Weatherford could not amend its ICs until it had received Davis-Lynch's amended PICs, the Court finds that Weatherford has acted with diligence.

Turning now to the remaining factors the Court must consider when deciding a Motion to Supplement ICs, the Court finds that Davis-Lynch cannot claim undue prejudice from these amendments because they are in direct response to Davis-Lynch's amended PICs. Furthermore, these amendments are particularly important because they relate to the validity of the patent at issue. Finally, although the Court's docket will not permit a continuance of the trial date in this case,[3] this factor does not weigh against granting Weatherford's Motion because Davis-Lynch cannot claim any undue prejudice. *See MacLean-Fogg Co. v. Eaton Corp.*, No. 2:07-CV-472, 2008 WL 1930299 at *2 (E.D. Tex. Apr. 30, 2008). Therefore, all of the factors the Court must consider weigh in favor of allowing Weatherford to supplement its ICs. *Cummins-Allison Corp.*, 2009 WL 763926 at *2.

## CONCLUSION

For the reasons stated above, Defendant's Motion is **GRANTED**.

---

[3] In its prior Order, the Court explained that it would not continue the *Markman* hearing and trial dates in this case "to consider infringement contentions that should have been filed almost a year ago." (Doc. No. 83.) To clarify, the Court did not state the it is unwilling to modify other pretrial deadlines in this case.

**So ORDERED and SIGNED this 24th day of April, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE