# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| DAVIS-LYNCH, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:07-CV-559 |
| | § | |
| WEATHERFORD INT'L, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Weatherford's Motion to Quash the Depositions of its Counsel of Record, (Doc. No 176), Defendant's Reply in Support (Doc. No. 183), and Plaintiff Davis-Lynch's Response in Opposition (Doc. No. 180).

For the reasons stated below, the Court **GRANTS** Defendant's Motion to Quash the Subpoenas of its Counsel of Record: Mr. Dean Lechtenberger and Mr. Stephen Cagle.

## BACKGROUND

In the present suit Davis-Lynch alleges infringement of U.S. Patent No. 6,679,336 ("the '336 patent") by Weatherford. The parties were also involved in a previous dispute regarding U.S. Patent No. 6,401,824 ("the '824 patent") and '336 patent. PL.'S RESP. at 3. That dispute was dismissed without prejudice based on a mutual agreement between Davis-Lynch and Weatherford in February of 2005. *Id*. The dismissal was contingent upon a re-examination by the United States Patent and Trademark Office ("USPTO") of the '824 and '336 patents. *Id*. After the re-examination proceedings, Davis-Lynch brought this action alleging infringement of the '336 patent only.

During the interim between the previous suit and the current one, Gordon T. Arnold and Taras Bemko represented Davis-Lynch in the reexamination proceedings for the '336 patent. *See* Order (Doc. No.155). Janelle Waack filed for reexamination on behalf of Weatherford for both the

1

'824 and '336 patents. PL.'S RESP., Ex. 2. Mr. James Martens, a long-time employee of Weatherford, prepared a Declaration concerning Davis-Lynch's arguments to the USPTO. This Declaration was sent to Davis-Lynch on August 2, 2006 attached to a letter from Mr. Cagle summarizing its contents; it was then sent to the USPTO by Davis-Lynch's reexamination counsel.

On April 24, 2009, this Court denied a Motion to Quash filed by the Plaintiff, regarding the Defendant's depositions of Gordon T. Arnold, Taras Bemko, and Guy Matthews.[1] *See* Order (Doc. No. 155). The depositions related to the mental impressions of both the prosecuting patent attorney and those involved with the reexamination of the '336 patent. *Id*. In denying Davis-Lynch's Motion to Quash, this Court emphasized the prevailing theory that the "mental impressions of prosecuting patent attorneys are not only relevant, but possibly crucial, to an inequitable conduct defense." Order (Doc. No. 155). Weatherford has claimed, *inter alia*, a defense of inequitable conduct before the USPTO.

Now, Davis-Lynch seeks to depose Mr. Stephen Cagle and Mr. Dean Lechtenberger. Davis-Lynch claims that Mr. Lechtenberger has knowledge as to Weatherford's first awareness of the '336 patent, and that Mr. Cagle participated in the reexamination of both the '824 and the '336 patents. Mr. Lechtenberger and Mr. Cagle are currently Weatherford's trial counsel. Both Mr. Lechtenberger and Mr. Cagle were served with subpoenas and notices of Davis-Lynch's intention to depose each of them on May 8 and May 26, 2009, respectively.[2] Weatherford filed its Motion to Quash on May 29, 2009. (Doc. No. 176).

Davis-Lynch asserts that the deposition of both Mr. Lechtenberger and Mr. Cagle are directed

---

[1] Guy Matthews represented Davis-Lynch during the prosecution of the '336 patent.

[2] Weatherford is not challenging the deposition of Ms. Janelle Waack who was also subpoenaed.

2

at their actions outside their role as trial counsel in the matter currently before the Court. Specifically, Davis-Lynch alleges that Mr. Cagle's letter concerning the '824 patent re-examination indicates that he was involved in the re-examination, and for that reason, should be subject to deposition. As for Mr. Lechtenberger, Davis-Lynch alleges that he was the source of Weatherford's knowledge as to the '336 patent, and due to that fact, his deposition is necessary for this case.

## APPLICABLE LAW

In general, the burden is on the moving party to show "that compliance with the subpoena would be 'unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex.1998)); *see also* FED. R. CIV. P. 45(c)(3)(A).[3] However, most courts apply a different test when a party seeks depositions from opposing trial counsel. *See Nguyen v. Excel Corp.*, 197 F. 3d 200, 209 (5th Cir. 1999); *see also Shelton v. Am. Motors Corp.*, 805 F. 2d 1323, 1327 (8th Cir. 1986) (citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947)); *Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F. 2d 676, 680 n.2 (2d Cir. 1987).

In order to determine when it is proper to allow opposing counsel to be deposed, the Fifth Circuit applies a three factor test that the party seeking the deposition must meet. *Id.* The factors are: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the

---

[3]The Fifth Circuit has held that the "modification of a subpoena is preferable to quashing it outright." *Wiwa*, 392 F.3d at 818 (holding that the District court erred in quashing a subpoena without providing justification). The notable difference between the *Wiwa* court and this case is the involvement of opposing counsel as the subject of the subpoenas. Therefore, after applying the *Nguyen* standard, if the information is not shown to be relevant to Davis-Lynch's case and alternatives exist for the obtaining the information then modification of the subpoena may not be sufficient. *See Nguyen*, 197 F. 3d at 209 n. 27 ("As a general proposition, a district court can exercise its sound discretion in determining how far to restrict discovery..."). Thus, pursuant to the analysis below, a finding that the subpoenas currently under consideration should be quashed outright would be logically reconcilable with the precedent in this jurisdiction.

3

information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Nguyen*, 197 F. 3d at 208; *see also Shelton*, 805 F. 2d at 1327.

**DISCUSSION**

In examining the factors in light of the facts and arguments presented by the parties, it is evident that there are alternative methods to obtain the information that Davis-Lynch seeks. Second, Davis-Lynch has not shown the information it seeks is relevant. Third, the information is not crucial to Davis-Lynch's case. Indeed, the allowance of these depositions would undoubtedly work against the clear negative disposition for deposing opposing counsel and be contrary to the courts role to protect against disclosure of privileged information. *Nguyen*, 197 F. 3d at 210 n. 32 (citing *Hickman*, 329 U.S. at 511; *U.S. v. El Paso Co.*, 682 F. 2d 530, 542 (5th Cir. 1982); FED. R. CIV. P. 26(b)(3)) (noting that it is the courts role to protect against the "disclosure of the mental impressions… or legal opinions of an attorney … of a party concerning the litigation").

*Mr. Lechtenberger*

"Davis-Lynch seek[s] to depose Mr. Lechtenberger because he has factual information related to Weatherford's first awareness of the Davis-Lynch patents." PL.'S RESP. at 6. In support of this reasoning, Davis-Lynch cites to the testimony of Mr. Martens, a Weatherford employee, which indicated that Weatherford was informed by Mr. Lechtenberger, or someone in his firm, of the Davis-Lynch patent. *Id* at 7. Davis-Lynch argues that Mr. Lechtenberger's testimony is relevant to its claim of willful infringement. *Id* at 7. Weatherford counters by arguing that information regarding its first knowledge of the Davis-Lynch patent is available via other produced sources, specifically, the testimony of Mr. Martens. DEF.'S REPLY at 1.

Davis-Lynch does not meet the *Nguyen* test. First, the availability of Mr. Martens provides

4

a viable alternative to the deposition of Mr. Lechtenberger. *See Nguyen*, 197 F. 3d at 209. Second, when Mr. Lechtenberger first became aware of the '336 patent is irrelevant; only Weatherford's first knowledge of the '336 patent is relevant. Thus, while Weatherford's corporate representative, Mr. Martens, may have relevant information, Davis-Lynch has not shown that Mr. Lechtenberger has relevant non-privileged information. *Id*. Third, for the same reason Davis-Lynch has not shown that the information is crucial. *Id.* Therefore, giving consideration to the *Nguyen* factors and the Court's general disposition against allowing the deposition of opposing counsel, the subpoena for the deposition of Mr. Lechtenberger is quashed.

*Mr. Cagle*

"Davis-Lynch seeks to depose Mr. Cagle because of his involvement in the reexamination of the '824 and the '336 patents." PL.'S RESP. at 3. The sole support Davis-Lynch offers is a letter sent by Mr. Cagle to Davis-Lynch's patent attorney handling the reexamination of the '824 and the '336 patents. *Id.* The letter relates to the reexamination of the '824 patent and addresses Weatherford's disagreement with arguments made by Davis-Lynch to the USPTO. DEF.'S MOT. at 4. An attachment to this letter is the declaration of Mr. Martens regarding his statements and analysis as to the perceived misstatements by Davis-Lynch. *Id.* Weatherford's position is that Mr. Cagle was not involved in the reexaminations. DEF.'S REPLY at 2.

To state, as Davis-Lynch does, that the action of sending this letter amounts to "participation in the reexamination proceedings" goes too far. *See* PL.'S RESP. at 6. The drafting and sending of a letter to a party's reexamination counsel does not constitute participation in that reexamination. Accordingly, Davis-Lynch has not met the burden set forth in *Nguyen*. 197 F. 3d at 209. First, any relevant information can be acquired by Mr. Martens who provided the substantive analysis of the

5

Cagle letter, or from Davis-Lynch's own reexamination counsel, Gordon Arnold, who sent the letter to the USPTO.[4] These are viable alternatives to the deposition of Mr. Cagle. *See Nguyen,* 197 F. 3d. at 209. Second, Davis-Lynch has not shown why the contents of the letter or Cagle's knowledge of the letter are relevant to any claim or defense in the case since Cagle was prohibited from communicating with the USPTO during the reexamination. *Id.* Third, for these same reasons Davis-Lynch has not shown the information is crucial. *Id*. Therefore, giving consideration to the *Nguyen* factors and the Court's general disposition against granting the deposition of opposing counsel, the subpoena for the deposition of Mr. Cagle is quashed.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Quash the Depositions of Mr. Dean Lechtenberger and Mr. Stephen Cagle.

**So ORDERED and SIGNED this 21st day of July, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[4] Weatherford requested that Mr. Arnold forward the letter to the USPTO on behalf of the '824 patent reexamination. Mr. Arnold independently determined to forward the letter on behalf of the '336 patent reexamination.