IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAVIS-LYNCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEATHERFORD INTERNATIONAL, INC., <br><br> Defendants. | CIVIL ACTION NO. 6:04-CV-54 <br><br> Jury Demanded |

## AGREED PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

EXHIBIT 2

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" or "Attorney's Eyes Only" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

    (a) Information may be designated as "Confidential" under this Order only where the producing party in good faith believes that the information is maintained by the producing party as confidential and is or contains confidential research, development, business or commercial information.

    (b) Information may be designated as "Attorney's Eyes Only" information under this Order only where the producing party in good faith believes that the information is maintained by the producing party as confidential and is or contains trade secret, proprietary or other highly sensitive information the disclosure of which would be likely to substantially compromise that party's competitive position with respect to a receiving party or a third party, such as information regarding proprietary technology, proprietary financial information, information regarding unreleased products, or proprietary business strategies.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment, or (d) materials that were or are acquired from a third party having no obligation of confidentiality to the designating party, or (e) the receiving party can establish were in its rightful and lawful possession at the time of disclosure or are developed independently by the receiving party without the use of Confidential Information.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the confidentiality designation of all or any portion thereof by providing written notice thereof to counsel for the party or parties disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidentiality designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing

that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

    (a)    Documents produced for inspection by a receiving party need not be marked as "Confidential" or "Attorney's Eyes Only" at the time produced for inspection, and shall be treated as "Attorney's Eyes Only" information until a copy is produced under the procedures set forth in this Order to the receiving party for use in this action.

    (b)    In lieu of marking the original of a document, the producing party may mark the copies that are produced or exchanged.

    (c)    In the case of transcript pages, the designating party shall advise opposing counsel of the information or specific pages in the transcript to be maintained as Confidential Information on the record when the transcript is taken or within twenty (20) calendar days after receipt of the transcript. Pending notification from opposing counsel during the twenty (20) calendar day period, all transcript pages shall be treated as "Attorney's Eyes Only" information. Unless identified and marked or designated as Confidential Information within the twenty (20) calendar day period, any confidentiality is waived, unless otherwise stipulated or ordered or inadvertent disclosure is corrected by agreement of the parties or by order of the Court.

4.    Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.    Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    A.    Counsel of record in this action for the party or parties receiving Protected Documents or any information contained therein;

    B.    Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    C.    The Court, including Court reporters, stenographers, clerks, law clerks, and other Court personnel employed by the Court;

    D.    Employees and in-house counsel of each party, provided that the employees' and the in-house counsels' advice and consultations are being or will be used by a party hereto in connection with preparation for trial of this action; and provided that, before such access is given, such employee or in-house counsel has agreed in writing in the form attached hereto as Appendix A to be bound by the terms of this Order. A copy of such undertaking shall be served upon opposing counsel upon request.

    E.    Outside experts and consultants such as independent accountants, statisticians, economists, or technical experts, employed in this litigation by a party or its attorneys of record, who have been designated in writing by notice to all counsel of record at least ten (10) calendar days prior to any disclosure of "Confidential" or "Attorney's Eyes Only" information to such person, and who have signed a document in the form of Appendix A hereto (such signed document to be kept by counsel for the party retaining such person and provided upon request to counsel for the other parties); and

    F.    The jury.

Any such Qualified Person who receives information marked "Confidential" or "Attorney's Eyes Only" under this Order may make working copies of such information, but must ensure that the protections set forth in this Order are maintained with respect to all such copies. Copies of documents produced pursuant to this Order may be made, or exhibits prepared by independent copy services, printers, or illustrators, only for purposes of this litigation.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6. Materials designated as "Attorney's Eyes Only" information may be disclosed to Qualified Persons except those identified in section 5.D above. Marking of documents or things as "Attorneys' Eyes Only", "Attorney Eyes Only", "Outside Counsel Only," or by substantially similar designations shall have the same effect as marking them "Attorney's Eyes Only".

7. Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of

persons to whom the index was furnished.

8. Restricted Persons. Notwithstanding the provisions of paragraph 5 and paragraph 6, information designated "Confidential" or "Attorney's Eyes Only" may not be disclosed to any attorney, agent, or employee whose duties include participating in the preparation or prosecution of any patent application relating to the subject matter of this litigation on behalf of either of the parties during any time prior to the expiration of eighteen (18) months following the final resolution of this case (including any appeals), and no person who has access to any information designated as "Confidential" or "Attorney's Eyes Only" may thereafter participate in the consultation of, preparation or prosecution of any patent application relating to the subject matter of this litigation on behalf of either of the parties during any time prior to the expiration of eighteen (18) months following the final resolution of this case (including any appeals). The subject matter of this litigation includes methods and apparatus used in running and/or cementing casing and/or liners, including but not limited to valving systems, float equipment, guide shoes, cement retainers, running tools, and liner hangers.

9. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

10. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

11. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12. Nothing in this Order shall be construed as an agreement or admission that any information designated as "Confidential" or "Attorney's Eyes Only" is, in fact, confidential or a trade secret, or that such information is competent, relevant or material evidence as to any issue.

13. Nothing in this Order shall bar or restrict any attorney herein from rendering advice to his or her client with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of designated information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any designated "Confidential" or "Attorney's Eyes Only" information.

14. Nothing in this Order shall prevent the disclosure of information designated as "Confidential" or "Attorney's Eyes Only" by or with the consent of the party by whom such designation was made, or pursuant to an order of the Court after notice to all affected parties. Nor shall any provision of this Order prevent any counsel of record from using Confidential Information in the examination or cross-examination of any person who is indicated by such information to be an author, source or recipient thereof. Nothing in this Order shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of an employee or representative of, or witness designated to testify on behalf of, the designating party.

15. Any person, business or entity that is not a party to this lawsuit may designate documents or information as "Confidential" or "Attorney's Eyes Only" under the terms of this Order when providing documents or information requested by a party during the course of this lawsuit.

16. Each individual who receives "Confidential" or "Attorney's Eyes Only" material thereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

17. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

18. Duty of Care. The recipient of any "Confidential" or "Attorney's Eyes Only" material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own valuable proprietary information. Should a law firm representing any party in this matter employ people who cannot review "Confidential" or "Attorney's Eyes Only" material by reason of paragraph 8 of this Order ("Restricted Persons"), the Attorney-in-Charge for that party shall be responsible to establish a "screen" between the Restricted Persons and the remainder of the firm and the "Confidential" or "Attorney's Eyes Only" material. The protective measures for such a "screen" include: (1) maintaining all "Confidential" or "Attorney's Eyes Only" material in a locked and secure room that allows access to only persons who are authorized to review the "Confidential" or "Attorney's Eyes Only" material, and (2) instructing all members of the firm not to communicate to Restricted Persons in general or specific terms any information relating to the "Confidential" or "Attorney's Eyes Only" material.

19. In the event a party wishes to use any information designated under this Order in any affidavit, brief, memorandum or other paper filed with the Court in this litigation, such information used therein shall be filed under seal and maintained under seal by the Court as provided in this Order. Nothing in this paragraph shall preclude a party from delivering an additional courtesy copy of any paper containing Confidential Information, which copy is not sealed, directly to chambers of the judge responsible for the litigation.

20. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony submitted to the Court in this litigation which have been designated as Confidential Information pursuant to this Order. All Confidential Information filed under seal with the Court in any form shall be filed in a sealed envelope, prominently marked to indicate that the envelope contains "Confidential (or "Attorney's Eyes Only) Information Subject to Protective Order." "Confidential—Subject to Protective Order," and where appropriate, "Attorney's Eyes Only" should be added.

21. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "Confidential" or "Attorney's Eyes Only", shall not be deemed a waiver in whole or in part of a claim for confidential treatment

22. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

23. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein. Nothing in this Order shall prevent trial counsel from retaining a complete set of pleadings, depositions, deposition and trial exhibits and work product after final conclusion of this litigation.

24. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

25. The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and

consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure. A party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to modification of this Order. The parties may, by written stipulation, provide for exceptions to this Order.

26.  Nothing in this Order shall be construed as precluding disclosure beyond the terms of this Order if the party designating the information consents in writing to such disclosure, or if the Court, after notice and the opportunity to be heard, orders such disclosure.

So **ORDERED** and **SIGNED** this 30 day of **August, 2004**.

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

APPENDIX A

**ACKNOWLEDGEMENT**

I, _____, hereby acknowledge that I am about to receive confidential information supplied in connection with the lawsuit entitled *Davis-Lynch, Inc. v. Weatherford International, Inc.*; In the United States District Court for the Eastern District of Texas, Tyler Division; Civil Action No. 6:04-CV-54. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") in this action. I have been given a copy of the Order, have read the Order, and agree to be bound by its terms. I understand that "Confidential" information or "Attorney's Eyes Only" information as defined in the Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Order.

DATED_____       _____