IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAVIS-LYNCH, INC., <br><br> Plaintiff, <br> v. <br><br> WEATHERFORD INTERNATIONAL, INC., <br><br> Defendant. | CIVIL ACTION NO. 6: 04-CV-54 <br><br> JUDGE MICHAEL H. SCHNEIDER <br> (Jury) |

**ORDER ON WEATHERFORD INTERNATIONAL, INC.'S MOTION TO ENFORCE THE PROTECTIVE ORDER AND FOR EXPEDITED HEARING AND DAVIS-LYNCH, INC.'S REQUEST FOR CLARIFICATION OF PROTECTIVE ORDER**

Before the Court is Weatherford International, Inc.'s Motion To Enforce The Protective Order And For Expedited Hearing and Davis-Lynch Inc.'s Request for Clarification of the Protective Order. After considering the papers filed by the parties and the arguments at the hearing held on November 5, 2004, the Court grants Weatherford International, Inc.'s Motion To Enforce The Protective Order And For Expedited Hearing. Furthermore, in response to Davis-Lynch Inc.'s Request for Clarification of the Protective Order, the Court hereby interprets the Protective Order, but denies and rejects the interpretation requested by Davis-Lynch, Inc.

IT IS THEREFORE ORDERED that

(1). For the reasons given in Weatherford International, Inc.'s Motion To Enforce The Protective Order And For Expedited Hearing and for the reasons given at the November 5, 2004 hearing, the phrases "preparation or prosecution of any patent application" and "consultation of, preparation or prosecution of any patent application" in paragraph 8 of the

DM_US\8071449.v1



Agreed Protective Order in this action include, but are not limited to, requests for reexamination and reexaminations relating to the patents in suit in this case.

(2). Under paragraph 8 of the Agreed Protective Order, information designated "Confidential" or "Attorney's Eyes Only" under the Agreed Protective Order may not be disclosed to any attorney, agent, or employee whose duties include participating in the preparation or prosecution of any patent application relating to the subject matter of this litigation, including, without limitation, any requests for reexamination or reexaminations relating to the patents in suit in this case, on behalf of either of the parties during any time prior to the expiration of eighteen (18) months following the final resolution of this case (including any appeals), and no person who has access to any information designated as "Confidential" or "Attorney's Eyes Only" under the Agreed Protective Order may thereafter participate in the consultation of, preparation or prosecution of any patent application relating to the subject matter of this litigation, including, without limitation, any requests for reexamination or reexaminations relating to the patents in suit in this case, on behalf of either of the parties during any time prior to the expiration of eighteen (18) months following the final resolution of this case (including any appeals).

(3). The parties shall also abide by the restrictions of paragraph 18 of the Agreed Protective Order.

Signed this 9th day of November, 2004 at Tyler, Texas.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE