# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

**DATE:** September 16, 2009

| **JUDGE** | **COURT REPORTER** |
|---|---|
| JOHN DAVID LOVE | Shea Sloan |

**Law Clerks**: Natalie Alfaro

| DAVIS LYNCH INC.<br><br>vs.<br><br>WEATHERFORD INT'L, INC. | **CIVIL ACTION NO**:  6:07-CV-559<br><br>**MOTION HEARING**<br>**(DOC # 190, 192, 196 & 206)** |
|---|---|

| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYs FOR DEFENDANTS** |
|---|---|
| Ernest Boyd<br>Corey Seel<br>Eric Adams<br>Al Rodriguez | Stephen Cagle<br>Dean Lechtenberger<br>Joan Beckner<br>Eric Schlichter<br>Elizabeth DeReuix |
| | |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN**: 9:05 am              **ADJOURN:** 11:37 am

| 9:05 am | Mr. Boyd, Mr. Seel, Mr. Adams and Mr. Rodriguiz announced ready on behalf of the plaintiff. Mr. Cagle, Mr. Lechtenberger, Ms. Beckner, Mr. Schlichter and Ms. Derieux announced ready on behalf of the defendant. |
|---|---|
| 9:05 am | The Court greeted the parties and stated we are here to hear 4 motions.  The Court will limit argument to 30 minutes per motion, 15 minutes per side.  He encouraged parties to shorten arguments.  He will take up motions in order that they were filed. |

**FILED:   9.16.2009**

**DAVID J. MALAND, CLERK**

BY: *Mechele Morris*, Courtroom Deputy

| | |
|---|---|
| 9:07 am | Mr. Boyd stated he will be arguing the Motion to Show Cause #190. He gave brief overview of the case as it relates to the motion. He discussed how defendant violated in the Protective Order. Weatherford did not comply with the Protective Order from the Court. Weatherford's interpretation must be rejected. The Order prohibit's Weatherford's trial counsel from preparing, filing or participating in the reexamination of the patents in suit. They continue to misrepresent. Defendant's will tell the Court that there are no damages, however, there are damages here. Davis Lynch needs to get their documents back for protection from defendant's. Claims were lost in the re-exam. |
| 9:24 am | The Court questioned Mr. Boyd about the reexamination and who participated. The Court questioned Mr. Boyd about the prejudice issue and what they are seeking. |
| 9:25 am | Mr. Boyd stated they would like the return of the proprietary documents. |
| 9:27 am | Mr. Cagle responded and began argument on behalf of the plaintiff on motion #190. He discussed the Protective Order and the restricted persons, prosecution bar, and the exception. Discussion was made of the reexamination and the Order of 11/9/04. He discussed their Motion to Enforce. The purposed of a prosecution bar is to protect sensitive information and documentation produced during litigation from being used by the non-producing party or its counsel in competitive decision making. He discussed Weatherford's interpretation of the Protective Order. It is in accordance with common sense and reasonable reading and consistent with the 11/9/ Order and consistent with ED/TX case law. Discussion was made of case law. Reference made to Dual-Deck, 9th Cir. 1999, Mirror Worlds, ED/TX 8/11/09 and Visto, ED/TX 12/19/06. There was no confidential information that was used. |
| 9:39 am | The Court questioned Mr. Cagle about the reexamination, Protective Order and the people that had access to the confidential information. The Court questioned if it was contemplated if Weatherford's trial counsel could participate in the reexamination process. |
| 9:47 am | Mr. Cagle further argues motion. He discussed Mr. Bemko and the request of the reexamination. |
| 9:49 am | Mr. Lechtenberger responded. He discussed prior art and reexamination. |
| 9:50 am | Mr. Cagle continued argument. He discussed the attorneys involved in the suit, who had access to information designated "confidential", and who could not participate in the consultation of, preparation or prosecution of any patent application relating to the subject matter of this litigation. Davis-Lynch's conduct under the Protective Order is directly contrary to the interpretation urged in its motion to show cause. He further discussed defendant's reexamination request. They used only public material, all of which was produced from the records and files of Weatherford and was filed over 4 months after the litigation was dismissed. Discussion was made of plaintiff's assertion of harm makes no sense. |
| 9:57 am | Mr. Boyd responded. He discussed the Mathew's Firm and their non involvement. Discussion was further made of the protective order and public information. |
| 10:01 am | Mr. Cagle further responded about public information. Discussion was made as to the public information submitted to the patent office. |
| 10:02 am | Mr. Boyd further responded. Confidential information cannot be argued. Further discussion of reexams made and the Protective Order. |

| | |
|---|---|
| 10:05 am | Mr. Boyd began argument on their Motion to Strike # 192. He discussed Doctor Fleckenstein and why he and his report should be struke. His testimony was not prepared by him and he attempted to conceal this fact. His report and opinions comes from Howrey's request for reexam. Fleckenstein should be struke because he relied on information that Weatherford convinced this Court to exclude from discovery through misrepresentations made. He discussed Fleckenstein reliance on excluded models. The Court did not make a determination of whether the excluded models infringed the patent in suit. |
| 10:15 am | Mr. Lechtenberger began argument on behalf of the plaintiff. Plaintiff did not raise any new argument that they have not addressed in their response brief. Dr. Fleckenstein prepared his expert report within the meaning of Rule 26. The vast majority of Dr. Fleckenstein's opinions in his expert report contain new argument supporting invalidity. The doctor spent substantial time on the report. Plaintiff misrepresented the doctors testimony regarding the On-Sale Bar. |
| 10:26 am | Mr. Boyd responded. He stated there has been harm. |
| 10:29 am | The Court will be in recess for 15 minutes and then proceed with argument on Motion to Exclude #196. |
| 10:47 am | Court resumed. The Court will now here motion #196. |
| 10:47 am | Mr. Lechtenberger stated their briefs give the full argument. He gives highlights to the argument on excluding exports of and testimony of Dr. Wooley, as they relate to obviousness and infringement, both literally and under the doctrine of equivalents. Discussion made of Dr. Wooley's obviousness "standard". The doctor never addresses the doctrine of equivalents. His literal infringement synopsis is not complete. His report fails to comply with Rule 26(a) and 702. The appropriate sanctions is to strike him. |
| 10:57 am | Mr. Boyd responded and argument motion on behalf of the plaintiff. Plaintiff has provided detailed infringement contentions on each of the accused products. Dr. Wooley did provide detailed infringement analysis based on literal infringement and under the doctrine of equivalents. Discussion made of Dr. Wooley's discussion of obviousness. Plaintiff's have not been harmed. The doctor provided rebuttal analysis related to Weatherford's invalidity arguments based on obviousness. Plaintiff had the opportunity to depose the expert for two days. There has been no harm done. |
| 11:05 am | Mr. Lechtenberger responded and further argued motion. There were no requirements to file a Motion to Compel. He further discussed the doctrine of equivalence. |
| 11:08 am | The Court will move on to Motion to Exclude #206. |
| 11:08 am | Ms. Beckner began argument on behalf of the defendant. Davis-Lynch committed inequitable conduct with respect to the 336 patent. She discussed the Court's Order compelling the depostion testimony of Matthews, Arnold and Bemko. She made argument regarding the evidence on which Davis-Lynch refused to allow discovery should be excluded. She discussed examples of plaintiff's instructions for Matthew's not to answer questions at deposition. |
| 11:18 am | Mr. Boyd responded on behalf of the plaintiff. He cannot instruct witnesses not to answer questions, then come to Court and ask those questions. The intent is not to use the privedge as a sword. |
| 11:20 am | Mr. Beckner responded. |
| 11:22 am | The Court questioned if the priveledge was properly invoked. The Court proposed to have in camera declarations be submitted. |

| 11:22 am | Ms. Beckner further responded. |
|---|---|
| 11:23 am | Mr. Boyd responded. The objections should be brought to the Court for a ruling. |
| 11:24 am | The Court urged plaintiff to go back and look at the objections and see if it needs to be asserted. |
| 11:24 am | Mr. Boyd responded. They would not resist. |
| 11:26 am | The Court needs to evaluate the objections. The Court directed declarations be filed by two week, September 30. The Court will evaluate and provide further direction. |
| 11:27 am | The Court wanted to go back to Motion regarding Dr. Wooley. The Court asked if Weatherford would opportunity to supplement Wooley's report. |
| 11:28 am | Mr. Lechtenberger responded and made objections. Davis-Lynch experts have relied on Wooley's testimony. They are at a disadvantage. |
| 11:30 am | The Court stated he is not saying the report is deficient, just giving proposal. The Court has to be careful if deficiencies are found. |
| 11:30 am | Mr. Lechtenberger responded. He has issues with the cost. They have enough on their plate. He does not believe a Motion to Compel is required. |
| 11:31 am | Mr. Boyd responded. They believe the report is in compliance. |
| 11:32 am | Mr. Lechtenberger further responded. Dr. Wooley has done this before. |
| 11:33 am | The Court stated we have until now through January to prepare for trial. The Court will take motion under advisement. The Court questioned mediation efforts. Court asked how things are going and if another mediation might be helpful. |
| 11:34 am | Mr. Lechtenberger responded. Plaintiff has filed a new lawsuit. If case is still pending, mediation might not be helpful. |
| 11:35 am | Mr. Boyd responded. |
| 11:35 am | The Court urged parties to resolve case because someone will fail at trial. If the plug can be pulled, it would benefit both sides. The Court will rule on these motions. Summary Judgment motions will be heard in November. If resolution is not possible, let's get moving. |
| 11:37 am | There being nothing further, Court is adjourned. |