IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAVIS-LYNCH, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:07-CV-559 |
| | § | |
| WEATHERFORD INT'L, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Davis-Lynch's ("Davis-Lynch") Motion to Show Cause Why

Defendant Weatherford International, Inc. ("Weatherford") and Howrey LLP ("Howrey") Should

Not Be Held in Civil Contempt (Doc. No. 190). Weatherford filed a response (Doc. No. 210),

Davis-Lynch filed a reply (Doc. No. 222), and Weatherford filed a sur-reply (Doc. No. 232). On

September 16, 2009, the Court heard arguments on the motion (Doc. No. 239). Having heard

argument and having considered the parties' submissions, the Court finds Howrey violated a court

order and **GRANTS** Davis-Lynch's motion.

## BACKGROUND

Davis-Lynch initially filed suit against Weatherford for infringement of U.S. Patent Nos.

6,401,824 ("the '824 patent") and 6,679,336 ("the '336 patent") in February 2004. *See Davis-Lynch*

*Inc. v. Weatherford Int'l, Inc.*, Case No. 6:04-cv-054 ("the '054 case"). In that case, the court

entered an agreed protective order governing the use and access of sensitive materials ('054 case,

Doc. No. 22). On Weatherford's motion, this order was subsequently modified ('054 case, Doc. No.

57). Pertinent to the present motion, paragraph 8 of this new order stated:

> [I]nformation designated "Confidential" or "Attorneys' Eyes Only"
> may not be disclosed to any attorney, agent, or employee whose
> duties include participating in the preparation or prosecution of any
> patent application relating to the subject matter of this litigation on

behalf of **either of the parties** during any time prior to the expiration of eighteen (18) months following the final resolution of this case (including any appeals), and no person who has access to any information designated as "Confidential" or "Attorneys' Eyes Only" may thereafter participate in the **consultation of, preparation or prosecution** of any patent application relating to the subject matter of this litigation on behalf of **either of the parties** during any time prior to the expiration of eighteen (18) months following the final resolution of this case (including any appeals).

('054 case, Doc. No. 57 at ¶ 8) ("Paragraph 8") (emphasis added).

During the litigation of the '054 case, Weatherford asserted numerous prior art references in support of "its defense of patent invalidity and/or unenforceability" ('054 case, Doc. No. 74 at 1). In response to these references, Davis-Lynch informed the court that it intended to file a request for reexamination and requested the court stay the '054 case. *Id.* This motion revealed a dispute between the parties as to whether Paragraph 8 applied to reexamination proceedings.

Davis-Lynch filed its motion to stay the '054 case on Friday, October 29, 2004. On Monday, November 1, Weatherford's counsel transmitted a letter to Davis-Lynch disputing Davis-Lynch's interpretation of Paragraph 8 ('054 case, Doc. No. 75 at Ex. 1). On November 2, Davis-Lynch filed a notice of Weatherford's opposition, identified the dispute over Paragraph 8, and asked the court to hear arguments on a proper interpretation ('054 case, Doc. No. 75). The same day, Weatherford filed a motion to enforce the protective order and for an expedited hearing ('054 case, Doc. No. 76).

In its motion, Weatherford argued that "**any person with access to confidential information is prohibited from participating in patent prosecution activities**." ('054 case, Doc. No. 76 at 1) (emphasis original). "This provision is mutual and applies with equal force to Weatherford's trial counsel who have access to Davis-Lynch confidential information." *Id.* at 4. Over Davis-Lynch's opposition, Weatherford argued that "reexamination clearly *is* a part of the

continuing prosecution of a patent application." *Id.* (emphasis original).  "[A]ny argument that paragraph 8 applies only with regard to confidential information *actually submitted* during prosecution clearly lacks merit.  The provision's protects attach based on *attorney access* to confidential information." *Id.* at 5 (emphasis original).  "[F]rom the get-go the point of this provision has been–and should continue to be–protection of the parties from inadvertent disclosure *or use* of confidential information in shaping or reshaping patent claims **or arguments** in proceedings before the PTO." *Id.* (italic emphasis original, bold emphasis added).

In its November 9th order, the court clarified that the language of Paragraph 8 included "requests for reexaminations and reexaminations relating to the patents in suit in this case." ('054 case, Doc. No. 83).  Thus, under paragraph 8:

> [N]o person who has access to any information designated as 'Confidential' or 'Attorney's Eyes only' under the Agreed Protective Order may thereafter participate in the consultation of, preparation or prosecution of any patent application relating to the subject matter of this litigation, including, without limitation, **any requests for *reexamination or reexaminations* relating to the patents in suit in** this case, **on behalf of either of the parties** during any time prior to the expiration of eighteen (18) months following the final resolution of this case (including any appeals).

('054 case, Doc. No. 83 at ¶ 2) (emphasis added).

In light of this clarification, Davis-Lynch hired new patent counsel, Mr. Gordon Arnold, to handle the reexamination of the '824 and '336 patents.  MOT. at 5.  On December 21, 2004, Davis-Lynch filed its requests for reexamination of the '824 and '336 patents.  *Id.* at 4.  On February 11, 2005, the parties stipulated to dismissal without prejudice while the reexaminations were pending ('054 case, Doc. No. 127) and the case was dismissed ('054 case, Doc. No. 129).  On June 13, 2005, Howrey filed its own requests for reexamination of the patents.  MOT. at 5.

On July 10, 2009, Davis-Lynch deposed Ms. Janelle Waack, an attorney with Howrey that filed Howrey's reexamination requests. MOT. at 2. When asked when she began to prepare the reexamination requests, Ms. Waack testified she had "received a draft of these requests for reexamination." MOT. at 6. She stated further that her "role was as a review attorney, and what [she] would have received would have been a draft for *ex parte* reexamination and the documents cited within the request." *Id.* Ms. Waack testified that the individuals responsible for originally drafting the reexamination requests were Mr. Tyler VanHoutan and Ms. Joan Beckner, Howrey attorneys and Weatherford litigation counsel in the '054 case. *Id.* at 7; *see also* WAACK DECL., Doc. No. 210, EX. P.

In her declaration, Ms. Waack stated that, after receiving the draft requests, she expended "more than 80 hours" independently analyzing and preparing the reexamination requests. WAACK DECL., Doc. No. 210, EX. P. In his declaration, Mr. VanHoutan conceded he drafted a request for reexamination of the '336 patent in March 2005. VANHOUTAN DECL., Doc. No. 210, EX. J. Mr. VanHoutan stated he did not consult or rely on confidential materials when he drafted the request for reexamination. *Id.* In her declaration, Ms. Beckner conceded she drafted a request for reexamination of the '824 patent in "early 2005." BECKNER DECL., Doc. No. 210, EX. K. Ms. Beckner stated she did not consult or rely on any confidential materials when she drafted the request for reexamination. *Id.*

## PARTIES' CONTENTIONS

Davis-Lynch contends that Weatherford's counsel, the Howrey law firm, violated the protective order in the '054 case by consulting on and preparing reexamination requests related to the patents-in-suit. Weatherford and Howrey argue that the protective order should be interpreted

4

by the Court to prohibit only Davis-Lynch's counsel from preparing reexamination requests and participating in reexaminations.  Weatherford and Howrey further argue that, even if a violation of the order is found, Davis-Lynch cannot show any remediable injury suffered as a consequence.

## LEGAL STANDARD

Whether Weatherford and Howrey complied with the protective order does not raise any issue unique to patent law and therefore the regional circuit law of the Fifth Circuit applies.  *See Eagle Comtronics, Inc. v. Arrow Commc'n Labs., Inc.*, 305 F.3d 1303, 1313 (Fed. Cir. 2002).  In a civil contempt proceeding, the movant must establish, by clear and convincing evidence,  that a court order was in effect, that the order required certain conduct, and that the non-movant failed to comply with the order.  *TiVo Inc. v. Dish Network Corp.*, - - - F. Supp. 2d - - -, No. 2:04-cv-01, 2009 WL 1562872 at *18 (E.D. Tex. June 2, 2009) (quoting *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)).

## DISCUSSION

### I. Violation of the Order

The parties do not dispute an order was in effect.  Rather the parties dispute the scope and application of the order; they disagree as to what conduct the order prohibited and whether Mr. VanHoutan and Ms. Beckner's admitted conduct constituted a failure to comply with the order.  In essence, the Court is once again asked to interpret the language of the protective order.

The language of Paragraph 8, as clarified by the court's previous order, is clear.  Paragraph 8 prohibits any person who has access to confidential material from consulting on, preparing or prosecuting "any patent application relating to the subject matter of this litigation, including, without limitation, **any requests for reexamination or reexaminations** relating to the patents in suit in this

case, **on behalf of either of the parties**." *See* '054 case, Doc. No. 83 at ¶ 2 (emphasis added).  The language of the order explicitly states it is applicable to both parties.  As Weatherford said, the "provision is mutual and applies with equal force to Weatherford's trial counsel who have access to Davis-Lynch confidential information." ('054 case, Doc. No. 76 at 4).

Weatherford argues that the order should be interpreted not to apply to third party *ex parte* reexamination requests on the basis that there was no opportunity to engage in "competitive decision making."  Weatherford cites several cases discussing competitive decision making in the context of patent litigation.  *See Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, 546 F. Supp. 2d 951 (S.D. Cal. 2008) (applying the competitive decision making standard when resolving a disputed portion of a proposed protective order); *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 50 U.S.P.Q.2d 1783 (D. Nev. 1998) (same); *In re Papst Licensing, GmbH, Patent Litig.*, No. MDL 1278, 2000 WL 554219 (E.D. La. May 4, 2000) (same); *In re Certain Hardware Logic Emulation Sys. & Components Thereof*, USITC Inv. No. 337-TA-383, Order No. 60, 1996 WL 965793 (Nov. 20, 1996) (same); *see also Motorola, Inc. v. Interdigital Tech. Corp.*, No. 93-488, 1994 WL 16189689 (D. Del. Dec. 19, 1994) (applying the competitive decision making standard when resolving an opposed motion to amend a protective order); *In re Certain Scanning Multiple-Beam Equalization Sys. for Chest Radiography & Components Thereof*, USITC Inv. No. 337-TA-326, Order. No. 1, 1991 WL 788616 (Mar. 12, 1991) (applying the competitive decision making standard when granting a motion to preclude counsel).  Unlike in the cases cited, it is not necessary that the Court apply the competitive decision standard to determine the appropriate terms of a protective order.  Here, it is clear who this order applies to and the Court will enforce the order as written.

Although Weatherford's counsel could not participate in the reexamination proceedings of

Davis-Lynch's patents, they could–and did–submit arguments to the PTO.   A brief review of Howrey's reexamination request bears this out.   The reexamination request repeatedly argues that Davis-Lynch's arguments are "misplaced," "cannot be given any weight," and "are [] unsupported and self-serving."   *See, e.g.,* MOT. at EX. 5 at 20-23.   Howrey's reexamination request then advocates contrary positions.   *Id.*   Whether the Howrey attorneys' arguments were shaped, even inadvertently, by their knowledge of confidential information is unknowable but irrelevant.   This protective order was in place to prohibit those who have access to confidential information from engaging in certain activities, not to prevent the actual use of the information.   The reason those persons were prohibited is because the knowledge of confidential information may, albeit unintentionally, affect their subsequent activities.   Similarly, it is irrelevant that Weatherford's counsel could not submit confidential information with its reexamination request.   *See* 35 U.S.C. §§ 301, 302 (limiting submissions to patents and printed publications).   Again, certain activities due to access are prohibited, not the actual use of the information.   This protective order was entered not only to guard against inadvertent disclosure, but also inadvertent use.   The conduct of Weatherford's counsel is not excused simply because Davis-Lynch has failed to prove an actual use of the confidential information.[1]

Finally, contrary to Weatherford's position, paragraph 22 of the protective order does not operate on Paragraph 8's prohibitions.   *See* '054 case, Doc. No. 57 at ¶ 22 (providing that "[a]fter termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record") ("Paragraph

---

[1]The Court's holding here is limited to this particular protective order and the facts of this case.   The Court's discussion is not meant to articulate its view as a general matter as to the proper construction of a protective order.

22"). Weatherford argues this exempts its counsel's conduct because only public information was submitted to the PTO. This is plainly false. Paragraph 22 modifies the order's provisions concerning documents and information, not people. Under Paragraph 22, protected documents that became a matter of public record are no longer subject to the protective order after the litigation has terminated - e.g., such documents could then be disseminated and copied, *see* '054 case, Doc. No. 57 at ¶ 4, and used for purposes other than the prosecution of this litigation. *Id.* at ¶ 5. Paragraph 8's prohibitions are unaffected. To interpret the order otherwise would directly contradict the terms of Paragraph 8 or render them superfluous. *See* '054 case, Doc. No. 57 at ¶ 8 (stating the prohibition applied "during any time prior to the expiration of eighteen (18) months following the final resolution of this case (including any appeals)."

The Court interprets the language of the protective order to prohibit restricted persons from consulting on, preparing or prosecuting reexamination requests and reexaminations. This prohibition was effective until July 2006. Mr. VanHoutan and Ms. Beckner failed to comply with the order when they consulted on or helped prepare reexamination requests relating to patents in suit in early 2005. *See TiVo Inc.*, - - - F. Supp. 2d at - - -, 2009 WL 1562872 at *18.

**II. Good Faith & Reasonableness**

Weatherford argues that Mr. VanHoutan and Ms. Beckner's violation of the order should be excused because they reasonably believed their actions were permitted. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the [court's order]" (citations and quotations omitted). In addition to Weatherford's strained interpretation of the protective order, discussed above, it relies on *Visto Corp. v. Seven Networks,*

8

*Inc.*, No. 2:03-cv-333, 2006 WL 3741891 (E.D. Tex. Dec. 19, 2006)[2] and *Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08-cv-088, 2009 WL 2461808 (E.D. Tex. Aug. 11, 2009).

In *Mirror Worlds*, the parties disputed whether the plaintiff's trial counsel could participate in reexamination proceedings concerning the patents in suit. *Mirror Worlds*, 2009 WL 2461808 at *1. The Court stated "[t]he prosecution bar does not prevent [the defendant's] attorneys from participating in the inter partes reexamination, but would prevent [the plaintiff's] attorneys who receive discovery from participating in the inter parties [sic] and ex parte reexaminations." *Id.* The protective order in that case read "[a]ny Plaintiff's Counsel (outside or in-house) that receives access to one or more [protected documents] shall not be involved in any [patent prosecution activities.]" *See* Case No. 6:08-cv-088, Doc. No. 104. Unlike the order in the '054 case, the order in *Mirror Worlds* explicitly applied to only the plaintiff's counsel. The '054 order explicitly applied to both parties' counsel.

Weatherford further argues that its interpretation is supported by Davis-Lynch's conduct in the '054 case. As previously detailed, it is clear Davis-Lynch originally believed the prosecution bar did not apply to reexaminations. After the court clarified that reexaminations were subject to the order, Davis-Lynch hired independent reexamination counsel. MOT. at 5. The circumstantial evidence pointed to by Weatherford for lack of compliance, e.g. privilege logs indicating trial counsel received and reviewed reexamination counsel's work, does not on the whole demonstrate a failure to comply by Davis-Lynch. In sum, Davis-Lynch's conduct does not support the propriety of Weatherford's counsel's involvement in reexamination. Weatherford's argument in this regard appears to be an attempt at after the fact justification. In light of Weatherford's motion to clarify

---

[2]Weatherford's trial counsel states that, in *Visto*, a Howrey attorney participated in a third party *ex parte* reexamination without objection by the plaintiff or the court. The Court does not find this anecdote persuasive.

to explicitly exclude trial counsel from reexaminations, if Davis-Lynch had engaged in misconduct, one would expect a motion to enforce the protective order or for sanctions would have been forthcoming.

The Court finds that Mr. VanHoutan and Ms. Beckner's conduct unreasonable in light of the protective order.  The support offered does not overcome the explicit language of the protective order that was modified and clarified at Weatherford's request.

### III. Sanctions

Davis-Lynch asks the Court to sanction Weatherford and Howrey by awarding monetary compensation, by dismissing Weatherford's counterclaims and affirmative defenses, by requiring Howrey to return all protected materials and forbidding Howrey from accessing protected materials in the future, and by  barring the entire Howrey firm from participating in related patent prosecution activities during any time prior to the expiration of eighteen months following the resolution of this case.  Sanctions may be imposed to either coerce a party into compliance with a court order or to compensate the movant for losses sustained.  *U.S. v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947).

Davis-Lynch was harmed and is entitled to compensation.  The Court finds Davis-Lynch is entitled to compensation for the cost and fees associated with prosecuting this motion.  *See Kooima v. Zacklift Intern., Inc.*, 209 F.R.D. 444, 446 (denying defendant's motion to show cause but awarding fees and costs of bringing the motion).  The Court also finds that Davis-Lynch was prejudiced with respect to the preparation and prosecution of its reexamination requests. *See Mirror Worlds*, 2009 WL 2461808 at *2.  Familiarizing an unrelated, independent reexamination counsel with the patents in suit is a costly proposition, a proposition intended to be borne by both parties.

Weatherford's blatant disregard for the protective order, after moving the court to modify and clarify the order to specifically encompass reexaminations requests and reexaminations by both parties, created for it a relative economic advantage.  Because Weatherford operated as if the protective order did not apply to reexaminations and reexamination requests, Davis-Lynch deserves to be put into the position it would have been in had the protective order so provided.  The Court finds Davis-Lynch is entitled to compensation equal to the increased costs of retaining independent reexamination counsel.

However, the Court agrees with Weatherford that Davis-Lynch's proposed sanctions relating to the use and return of protected materials are unwarranted.  The violated order is no longer in effect and sanctions would not serve to coerce compliance with that order.  Further, the return of confidential information would effectively disqualify the Howrey law firm and thereby punish Weatherford, which was not responsible for these violations.  The Court also finds that in the absence of previous violations and sanctions, dismissal of Weatherford's counterclaims and affirmative defenses or the preclusion of the entire Howrey firm from related patent prosecution activities would be disproportionate sanctions.  The Court notes a substantially similar protective order was entered in the present litigation between Davis-Lynch and Weatherford.  The Court expects its finding of a violation of the '054 order and the award of compensatory sanctions will ensure compliance with the present order by both parties.

Finally, the Court notes that Howrey attorneys violated the protective order and the Howrey law firm filed the request for reexamination.  There is no indication that Weatherford was responsible for the violation.  Accordingly, the Court finds the Howrey law firm wholly responsible for compensating Davis-Lynch.

## CONCLUSION

For the above stated reasons, the Court **GRANTS** Davis-Lynch's motion.

The Court **ORDERS** Davis-Lynch to submit to the Court by October 8, 2009,  invoices for the reexamination work performed and for prosecuting the present motion, from which the Court can determine appropriate compensation.

**So ORDERED and SIGNED this 24th day of September, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE